Matthew R. Lewis (7919)
Mica McKinney (12163)
RAY QUINNEY & NEBEKER P.C.
36 South State Street, #1400
Salt Lake City, Utah  84111
Telephone:  (801) 532-1500
Facsimile:  (801) 532-7543
mlewis@rqn.com
mmckinney@rqn.com

*Attorneys for Defendant Cody Alan Reece*

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **UNITED STATES**, <br><br> Plaintiffs, <br><br> vs. <br><br> **CODY ALAN REECE** <br><br> Defendant. | **DEFENDANT'S AMENDED POSITION WITH RESPECT TO SENTENCING FACTORS** <br><br><br> Civil No. 2:10-CR-00770-DB <br><br> Judge David Nuffer |

Defendant, Cody Alan Reece, by and through counsel, hereby submits this Position with Respect to Sentencing Factors in support of the United States' and the Defendant's joint recommendation of the fifteen-year minimum mandatory sentence in this matter.  Mr. Reece was charged with and pled guilty to one count of felon in possession under 18 U.S.C. § 922(g).  A fifteen-year sentence is sufficient punishment for this offense; any additional time is unnecessary to achieve the goals for sentencing, as identified by 18 U.S.C. § 3553(A).

## FACTUAL BACKGROUND

Mr. Reece is a 32-year-old man who has never been able to escape the negative impact of controlled substances. Mr. Reece is the only child of Lori Reece, who had Cody when she was eighteen-years old. *See* Plea Sentence Report ("PSR") ¶ 47. Ms. Reece reported that as a young mother and single parent she struggled with parenting. *Id.* Ms. Reece also used and sold drugs during Cody's childhood and the two had a "rocky" relationship. *Id*[1]. Ms. Reece kicked Cody out of her home when Cody was fifteen-years of age. *Id.* Cody Reece began using drugs and consuming alcohol at about the same age. *Id.* Mr. Reece has struggled with drug use since this time. *Id.* ¶ 52.

Still, when given the opportunity, Mr. Reece has worked to better himself through education and treatment. Despite his difficult teenage years, Mr. Reece obtained his GED at age 17 and later a high school diploma. *Id.* ¶ 53. He also studied computer-aided drafting while at the state prison. *Id.* He obtained drug treatment from 2008 to 2009 and completed the Conquest Treatment Program while incarcerated for a drug-related offense. *Id.* Mr. Reece relapsed after witnessing a close friend of his commit suicide. *Id.*

While Mr. Reece has spent most of his life in and out of the justice system, *Id.* ¶ 55, his criminal history reflects mostly a struggle with substance abuse. In fact eight of the eleven convictions noted in the PSR relate to drugs or alcohol. *See* PSR ¶¶ 23-33. Moreover, the conduct at issue in this matter was nonviolent possession of a firearm. *Id.* ¶ 1. This conduct was discovered after a warrant check and charged based on Mr. Reece's possession of the firearm

---

[1] Mr. Reece and his mother have resolved past differences and now have a very close relationship.

alone. *Id.* ¶¶ 1, 5. He was not in the midst of any other criminal conduct. *Id.* ¶ 5. Mr. Reece has acknowledged that he should not have had a firearm and has accepted full responsibility for his conduct. *Id.* ¶ 8. Given the nonviolent nature of the felon in possession charge and the lengthy minimum mandatory sentence triggered by Mr. Reece's drug-related criminal history, the 15-year minimum mandatory sentence is sufficient to punish Mr. Reece for his conduct and to account for the sentencing goals of the Federal Sentencing Guidelines.

## ARGUMENT

Pursuant to *United States v. Booker,* 543 U.S. 220, 250-60 (2005 when imposing a sentence, the sentencing Court should "take account of the Guidelines together with other sentencing goals." *Id.* at 260. These goals, as set forth in in 18 U.S.C. § 3553(a), include determining a sentence that reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public from further crimes by the defendant, and provides the defendant with needed educational or vocational training, medical care, or other corrective treatment. 18 U.S.C. § 3553 (a)(2). With these purposes in mind, courts are directed to impose "a sentence sufficient, but not greater than necessary, to comply with the purposes set forth [§ 3553(a)]." 18 U.S.C. § 3553 (a). "A sentence is substantively unreasonable if the length of the sentence is unreasonable given the totality of the circumstances in light of the 18 U.S.C. § 3553(a) factors." *United States v. Haley*, 529 F.3d 1308, 1311 (10th Cir. 2008).

In this case, Mr. Reece respectfully requests that this Court impose the minimum mandatory sentence of fifteen years (180 months), which has been jointly recommended by the

United States and Mr. Reece. *See* Statement in Advance of Plea ¶ 12.B(3). A fifteen-year sentence sufficiently accounts for the seriousness of the independent felon in possession violation and Mr. Reece's drug-related criminal history.

I.  SENTENCING FACTORS UNDER 18 U.S.C. § 3553(A).

Following *Booker*, a sentencing court must seek to determine and impose a sentence that is not greater than necessary to achieve the goals of sentencing. To do so, the Court should first consider the sentencing range under a guidelines calculation. Yet, "[t]he Guidelines are not only *not mandatory* on sentencing courts; they are also not to be presumed reasonable." *Nelson v. United States*, 555 U.S. 350 (2009 (emphasis added) (per curiam). "[T]he sentencing court must first calculate the Guidelines range, and then consider what sentence is appropriate for the individual defendant in light of the statutory sentencing factors, 18 U.S.C. § 3553(a), explaining any variance from the former with reference to the latter." *Id.* In this case, the statutory sentencing factors indicate that a sentence of fifteen-years is reasonable and that anything greater than this minimum mandatory sentence would be unnecessary. Accordingly, each of the factors identified in 18 U.S.C. § 3553(a) is discussed below.

*1.  Nature and Circumstances of the Offense*

Mr. Reece pled guilty to one count of felon in possession of a firearm. This possession was discovered after a warrant check on Mr. Reece and not while Mr. Reece was in the midst of a separate crime. Mr. Reece's possession was nonviolent and there were no victims of this violation. Mr. Reece has acknowledged that he should not have possessed the firearm and accepted full responsibility for this conduct. In light of the nonviolent nature of Mr. Reece's

conduct, a fifteen-year sentence is more than adequate to punish Mr. Reece for this violation and deter any future violations.

2.   *History and Characteristics of the Defendant*

Mr. Reece had a difficult childhood. He grew up in the presence of drugs and alcohol and turned to these substances at a young age. His early use of drugs and alcohol started him on a criminal path. Mr. Reece has attempted to better himself by obtaining his GED and high school diploma and even seeking drug treatment. Still, he has not been able to completely overcome drug use and the lifestyle that surrounds it. While Mr. Reece has had multiple run-ins with the justice system, prior to this conviction his criminal history was largely nonviolent and drug-related.[2] This criminal history is the basis for the minimum mandatory triggered in this matter and is adequately accounted for by the fifteen-year minimum sentence.

3.   *Need for the Sentence Imposed*

The sentence for the offense at issue should reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence and protect the public from further crimes by the defendant, and provide for needed treatment. *See* 18 U.S.C. § 3553(a)(2). Here these factors also support the jointly recommended fifteen-year sentence. As addressed above, Mr. Reece's conduct was nonviolent and did not have any victims. Mr. Reece

---

[2] On August 3, 2012, Probation filed an amended PSR that includes a July 12, 2012 jury verdict for aggravated murder and aggravated burglary. Counsel for Mr. Reece requests that the Court exclude this information from its evaluation of a proper sentence for the conduct at issue in this case. Mr. Reece pled guilty to the felon in possession charge at issue in this matter in March 2011. Rather than pursuing a sentencing date shortly thereafter, Mr. Reece's sentencing has been delayed in order to facilitate the trial of the state charges and with the government's agreement that the outcome would not alter its recommendation for a fifteen-year sentence. Without this delay, the jury verdict would not be included in Mr. Reece's criminal history. Accordingly, Counsel respectfully requests that the Court not consider the recent jury verdict.

has accepted full responsibility for his conduct. The hefty fifteen-year mandatory sentence is based upon Mr. Reece's criminal history, which is the product of his drug use and the lifestyle that surrounded it. It is unnecessary to add any additional time to the minimum mandatory sentence, as it already adequately ensures respect for the law and just punishment. This lengthy sentence will also deter Mr. Reece and others from future violations.

4.     *Consistency in Sentencing*

The jointly recommended sentence is a minimal departure, if any, from the sentencing guidelines. Based on a correct computation of the sentencing guidelines, the fifteen-year minimum mandatory sentence falls in the middle of the recommended range for sentencing. *See* Notice of Objection (requesting adjustment to calculation of offense level and indicating new guideline range of 168 to 210 months). Therefore, the recommended sentence is not inconsistent with the sentences recommended for other similarly situated defendants.

5.     *Need to Provide Restitution*

There is no restitution at issue in this case.

II.    MR. REECE LACKS THE ABILITY TO PAY A FINE

The Sentencing Guidelines recommend a minimum fine of $15,000 and a maximum fine of $150,000. Pursuant to *United States v. Booker,* a fine is not mandated. Here, Mr. Reece requests that the Court, pursuant to Sentencing Guideline § 5E1.2, waive any fine or special assessment fees. Mr. Reece has been in federal custody and, therefore, without employment for over a year. *See* PSR ¶ 55. Mr. Reece has not assets, no debts, and no income. *Id.* In other

words, Mr. Reece has no ability to pay a fine.  *Id.*  ¶ 56.  Therefore, waiver of any applicable fine and fee is appropriate in this case.

III.	REQUEST FOR DESIGNATION

Mr. Reece requests that, based on the following findings, the Court recommend to the Bureau of Prisons placement in FCI or USP Allenwood, in White Deer, Pennsylvania or USP Canaan in Waymary, Pennsylvania, for the purpose of family support.  Mr. Reece's has close relatives in Pennsylvania who can provide him with stability and emotional support while he serves the assigned period of incarceration.  His fiancée and his mother will shortly be moving to the Pennsylvania also to live with these relatives.

## CONCLUSION

For the reasons stated above, Defendant hereby requests that the Court impose the jointly recommended sentence of fifteen years, which is the minimum mandatory sentence required in this case.

DATED this 28th day of August, 2012.

                                    RAY QUINNEY & NEBEKER P.C.


                                    /s/ Matthew R. Lewis
                                    Matthew R. Lewis
                                    Mica McKinney
                                    Attorneys for Cody Alan Reece

**CERTIFICATE OF MAILING**

I HEREBY CERTIFY that on this 28th day of August, 2012, a true and correct copy of the foregoing **DEFENDANT'S AMENDED POSITION WITH RESPECT TO SENTENCING FACTORS** was electronically filed with the Clerk of Court and served upon counsel using the CM/ECF system.

> Victoria K. McFarland
> 185 South State Street, Suite 300
> Salt Lake City, UT  84111
> victoria.mcfarland@wvc-ut.gov

/s/ Ashley Rollins

1196813